## CIRCUIT COURT OF CHESTERFIELD COUNTY

Davies

v.

Davies

April 18, 1989

Case No. (Chancery) 1052-88

By JUDGE JOHN F. DAFFRON, JR.

I have reviewed the memoranda and deposition submitted with regard to the jurisdictional issue in the above-referenced matter. I am of the opinion that the plaintiff has been an actual bond fide resident and domiciliary of Virginia for at least six months preceding the filing of this action.

It appears from the facts that the plaintiff, a citizen of Liberia, arrived in this country in 1982 pursuant to an eighteen month student visa. She remained in this country after the expiration of that visa. In April of 1986, she filed for a "green card." In October of 1987, she married the defendant, a French national, and the parties purchased a house in this county. The parties moved to Virginia on November 1, 1987, and resided together in that home until their separation in July of 1988.

Two things must concur to establish domicile: the fact of residence at a particular place and the intention to remain there for an indefinite time, *Smith v. Smith*, 122 Va. 341 (1918).

From her actions, plaintiff has established residency and intent.

Defendant asserts that the plaintiff cannot be a "bona fide" resident in that she is here in violation

of immigration laws. There is a split among jurisdictions as to the effect of being in violation of immigration laws, *see* 51 A.L.R.3d 223 (1973). I interpret "bona fide resident" to mean actual resident, *i.e.* genuine and not feigned, and rule that the plaintiff is a bond fide resident and domiciliary of Virginia.

Accordingly, the defendant's plea of jurisdiction is overruled.